Burke, J.
The appellant, as a shareholder of Camden, brought a derivative action allegedly on behalf of Camden. The named defendants are Camden, United Dye & Chemical Corporation and 15 individuals all of whom are alleged to be either past or present directors of Camden.
The stock records of Camden list plaintiff, Emanuel Tropper, as the owner of 200 shares of Camden’s common stock. There are 162,099 shares of Camden’s stock issued and outstanding so that plaintiff’s holdings amount to less than 2/10 of 1% of Camden’s outstanding shares. Based on the latest bid quota *399 tion for Camden’s stock, the total value of plaintiff’s shares is approximately $1,000 or substantially less than $50,000. More than 98% of the shares of stock of Camden are owned by United Dye & Chemical Corporation which is the parent company.
Special Term granted a motion for an order requiring plaintiff to post security in the sum of $5,000 for the reasonable expenses, including attorney’s fees, which have been or may be incurred by Camden in connection with the derivative stockholder’s action, and for such other expenses as may be incurred by other named defendants for which Camden may become liable. The court found that the shares of stock owned by the alleged wrongdoing defendant are to be included within the term “ outstanding shares ” as that term is used in the statute.
The Appellate Division unanimously affirmed and granted leave to appeal to this court upon the following certified questions:
1 ‘ 1. Was the motion by Defendant-Respondent, Camden Forge Company, for an order requiring Plaintiff-Appellant to lile a bond for security, pursuant to Section 61-b of the General Corporation Law, properly granted by Special Term?
“2. In determining a plaintiff-stockholder’s ownership of 5% of his corporation’s ‘ outstanding shares ’ in accordance with the provisions of Section 61-b of the General Corporation Law, are the shares of stock of an alleged wrongdoing defendant to be included within the term £ outstanding shares ’ ? ”
The obvious purpose of the statute was to require a plaintiff holding less than 5% “of the outstanding shares of any class ” of the corporation’s stock, on whose behalf he claims to sue, to post security for expenses unless his stockholdings have a market value in excess of $50,000 (General Corporation Law, § 61-b). But the appellant contends that the stock owned by the defendant United Dye & Chemical Corporation should not be regarded as “ outstanding shares ”.
The clear and unambiguous language found in the statute leaves no room for such a distinction. The interpretation suggested by the appellant is manifestly at war with the words of the statute.
As the shares owned by United Dye & Chemical Corporation are “outstanding” shares of Camden Forge Company, the shares held by the plaintiff represent holdings of less than 5% *400 of the corporation’s stock, making plaintiff subject to the provisions of the statute.
Since the courts below have properly construed and enforced the statute, the questions certified should be answered in tile affirmative.
The order appealed from should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Ftjld, Froessel and Van Voorhis concur.
Order affirmed, etc.